UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ANDREW WARREN MUSGRAVE and<br>KEVIN KEITH HILL,<br><br>        Plaintiff,<br><br>v.<br><br>LARRY M. BLEVINS; MITCH POWERS;<br>DANIEL FREYTAG; MIKE COFFEY;<br>SANDRA BELL; and CITY OF OAK<br>RIDGE, TENNESSEE,<br><br>        Defendants. | No.: 3:05-CV-490<br>(VARLAN/GUYTON) |

**MEMORANDUM OPINION**

Plaintiffs have filed a Motion to Remand Removal and Voluntarily Dismiss Damages Under the Federal Constitution [Doc. 6]. Plaintiffs have provided notice of the voluntary dismissal without prejudice of any claims for damages for violation of their federal constitutional rights.[1] Plaintiffs note that they did not intend to include a claim for damages for violation of federal constitutional rights and that the sole reference to such a claim in the complaint was an error. Plaintiffs further move the Court to remand this case to the Anderson County Circuit Court as plaintiffs assert only claims under Tennessee law.

---

[1] Plaintiffs have cited Fed. R. Civ. P. 42(a)(1) in support of their notice of voluntary dismissal of any federal claims. The Court assumes that plaintiffs intended to cite Fed. R. Civ. P. 41(a)(1) which deals with the voluntary dismissal of actions, rather than Rule 42 which addresses consolidation and separate trials.

As noted in plaintiffs' motion, no answer to the complaint or motion for summary judgment has been filed. While Rule 41(a)(1) allows a plaintiff to dismiss an action without an order of the court under such circumstances, *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 541 (6th Cir. 2001), there is some question as to whether a plaintiff may dismiss a "claim" under Rule 41(a)(1) as opposed to "an action." *See Letherer v. Alger Group, LLC*, 328 F.3d 262, 266 (6th Cir. 2003) ("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'"). Therefore, out of an abundance of caution, the Court will treat plaintiffs' motion as a motion seeking leave to amend the complaint to delete the sole reference to claims under the federal constitution in paragraph 47 of the complaint. Fed. R. Civ. P. 15(a) allows the plaintiffs to amend their complaint as of right prior to the filing of a responsive pleading. Accordingly, the plaintiffs will be granted leave to amend their complaint to delete any reference to claims for damages for the value of their federal constitutional rights and any such claims, to the extent they were pled, will be dismissed without prejudice.

Plaintiff has also moved to remand this action, now consisting solely of state law claims, back to the Anderson County Circuit Court. 28 U.S.C. § 1367(c) provides that this Court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. In this case, the Court, having allowed the plaintiffs to amend their complaint, has in effect dismissed all claims over which it had original jurisdiction. As a result, the only claims which remain are plaintiffs' claims under the Tennessee Constitution and Tennessee statutory and common law. Therefore, this Court,

2

in its discretion, declines to exercise supplemental jurisdiction over the plaintiffs' state law claims. Given the fact that this case was originally filed in the Circuit Court for Anderson County, Tennessee, the Court is of the opinion that a remand is appropriate.

Order accordingly.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
